IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **THE DETROIT EDISON COMPANY,** Plaintiff, | ) | |
| v. | ) | No. 02-926C (Judge Williams) |
| **THE UNITED STATES,** Defendant. | ) | |

**PLAINTIFF'S STATUS REPORT**

Pursuant to the Court's Order dated April 19, 2004, Plaintiff The Detroit Edison Company ("Detroit Edison") respectfully submits this brief status report specifying its plans and objectives regarding: 1) the discovery needed, if any, to respond to Defendant's (the "Government") partially dispositive motion on the acceptance rate, filed on November 21, 2002[1]; and 2) whether discovery previously provided in other spent nuclear fuel cases on the acceptance rate issue would suffice in this case. As detailed below, Detroit Edison believes that discussions as to additional discovery concerning the acceptance rate and related issues may be premature at this time, since there are other issues that should be resolved first in this case – in particular, the Government's liability for partial breach of contract – before the Court must determine the appropriate acceptance rate to use in assessing Detroit Edison's damages. Moreover, additional discovery on acceptance rate issues may ultimately be unnecessary in this case because it is likely to be largely duplicative of the discovery provided in other spent nuclear fuel cases. Finally, Detroit Edison is opposed to a stay of this case at this time.

[1] Presumably, this is the particular motion referred to on page 2 of the Court's April 19, 2004 Order as "the Government's standard dispositive motion on the rate of acceptance."

On August 31, 2000 the United States Court of Appeals for the Federal Circuit ("Federal Circuit") issued decisions in Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000) ("Northern States") and in Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1337 (Fed. Cir. 2000) ("Maine Yankee"), which together held that the Department of Energy ("DOE") had breached every Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, 10 C.F.R. § 961.11 ("Standard Contract"). Based on this precedent, now that the stay in this case has been lifted[2], a liability determination in favor of Detroit Edison for partial breach of contract should be entered. In that regard, Detroit Edison is prepared and intends to file its motion for summary judgment on liability for partial breach of contract within 30 days of this status report.[3]

In the interests of conserving the resources of both parties and the Court, Detroit Edison would welcome a stipulation from the Government as to the Government's liability for partial breach of contract. However, in spite of the Federal Circuit's clear and final mandate in its Northern States and Maine Yankee decisions, the Government has filed briefs in opposition to plaintiffs' motions for summary judgment on liability in several spent nuclear fuel damages cases. See, e.g., Defendant's Response To Plaintiff's Renewed Motion For The Government To

---

[2] By Order of the Chief Judge dated April 16, 2003, this case was stayed until January 30, 2004, when the Chief Judge issued an Order lifting the stay and denying the Government's motion to consolidate the spent nuclear fuel cases. As a result of the stay, Detroit Edison has not yet filed its reply brief on the acceptance rate issue; it is prepared to do so within 30 days of this status report.

[3] As of the date of this filing, the Government's liability for breach of contract has been found in eight cases involving the Standard Contract: Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.); Florida Power & Light Co. v. United States, No. 98-483C (Sypolt, J.); Commonwealth Edison v. United States, No. 98-621C (Hewitt, J.); Yankee Atomic Elec. Co. v. United States, No. 98-126C (Merow, S.J.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Merow, S.J.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Merow, S.J.); Indiana Michigan Power Co. v. United States, No. 98-486C (Hodges, J.); and Southern Nuclear Operating Co. v. United States, No. 98-614C (Merow, S.J.).

Acknowledge Its Liability On The Issue Of Partial Breach Of Contract, Omaha Pub. Power Dist. v. United States, No. 01-115C (Bush, J.) (Dec. 16, 2002). Given the possibility (if not likelihood) that the Government will not concede liability for partial breach of contract in this case, Detroit Edison respectfully submits that the liability issue should be resolved first before additional discovery proceedings ensue.

Once the liability issue has been resolved in this case, Detroit Edison believes that the issue of discovery regarding the acceptance rate and related issues should then be considered. Ultimately, additional discovery regarding acceptance rate issues may be unnecessary. If the Government has not altered its position regarding the acceptance rate and Greater-Than-Class-C waste issues that was initially proffered in the partially dispositive motion that it filed in this case in late 2002, see Defendant's Motion For Summary Judgment Upon Counts I And II Of Plaintiff's Complaint (Nov. 21, 2002), then any further discovery in this case on acceptance rate issues may potentially be a waste of time and resources – as it would likely yield information that is largely duplicative of what the various parties provided in the coordinated discovery proceedings between 2001 and 2002.[4] This coordinated discovery has led to this Court's ruling on the Government's acceptance rate motion (and in some instances, the plaintiff's cross-motion for summary judgment on the acceptance rate) in several spent nuclear fuel cases, see, e.g.,

[4] For purposes of this status report, Detroit Edison assumes that it would have access to the discovery materials obtained from the Government through the coordinated discovery process. To the extent that the Government possesses additional documents relevant to acceptance rate issues that did not exist or were not previously available during coordinated discovery, Detroit Edison reserves the right to pursue discovery related to these "newer" documents (including, but not limited to, the taking of depositions based upon those documents).

Indiana Michigan Power Co. v. United States, 57 Fed. Cl. 88 (2003) ("Indiana Michigan"),[5] and would also likely suffice for a ruling in this case.

Finally, as noted above, Detroit Edison is opposed to a stay of this case at this time. There simply is no reason to hold this case in abeyance pending the trial of other spent nuclear fuel actions in this Court, which actions will not control the outcome of this case and involve different damages claims and issues than will be presented here.

## CONCLUSION

For each of the foregoing reasons, therefore, Detroit Edison respectfully requests that the Court: 1) defer consideration of discovery on acceptance rate and other related issues in this case until a ruling on the Government's liability for partial breach of contract has been entered; and 2) as necessary, establish a briefing schedule on the issue of the Government's liability for partial breach of contract.

Dated: April 23, 2004

Respectfully submitted,

s/Alex D. Tomaszczuk by s/Daniel S. Herzfeld
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
The Detroit Edison Company

Of Counsel:

Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

---

[5] Notably, in each of these rulings, this Court has denied the Government's motion for partial summary judgment on the acceptance rate. See also Commonwealth Edison Co. v. United States, 56 Fed. Cl. 652 (2003). Moreover, in Indiana Michigan, plaintiff's cross-motion for summary judgment on the acceptance rate was granted, a decision that established an annual acceptance rate of 3,000 MTU as a matter of law. See Indiana Michigan, 57 Fed. Cl. at 99-100.

Document #: 1281459 v.1