**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **THE DETROIT EDISON COMPANY,**<br>Plaintiff,<br>v.<br>**THE UNITED STATES,**<br>Defendant. | No. 02-926C<br>(Judge Williams) |

**DETROIT EDISON'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Pursuant to RCFC 56(h)(1), Plaintiff The Detroit Edison Company ("Detroit Edison") through its undersigned counsel, submits these proposed findings of uncontroverted fact in support of its motion for summary judgment on liability:

1. On June 27, 1983, Detroit Edison executed the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, 10 C.F.R. § 961.11 ("Standard Contract"), with the Department of Energy ("DOE"). Complaint ¶¶ 2, 9.

2. In exchange for the payment of fees into the Nuclear Waste Fund, DOE promised to begin removal of spent nuclear fuel ("SNF") from Detroit Edison's Fermi 2 Nuclear Power Plant ("Fermi 2") no later than January 31, 1998. Standard Contract, 10 C.F.R. § 961.11, Art. II; Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336, 1338 (Fed. Cir. 2000). Generally, DOE was "under a statutory 'obligation . . . reciprocal to the utilities' obligation to pay, to start disposing of the SNF no later than January 31, 1998.'" Northern States Power Co. v. United States, 224 F.3d 1361, 1366 (Fed. Cir. 2000) (quoting Indiana Mich. Power Co. v. United States, 88 F.3d 1272, 1277 (D.C. Cir. 1996)).

3. "[T]he [Nuclear Waste Policy Act] directs DOE to undertake the duty to begin taking the SNF by January 31, 1998, whether or not it has a repository or interim storage facility." Northern States Power Co. v. Dep't of Energy, 128 F.3d 754, 760 (D.C. Cir. 1997).

4. "DOE's duty to take the materials by the 1998 deadline is also an integral part of the Standard Contract, which provides that the Department 'shall begin' disposing of the SNF by January 31, 1998." Id. at 758 (citing and quoting the Standard Contract, 10 C.F.R. § 961.11, Art. II).

5. The duty to begin taking SNF by January 31, 1998 was "without qualification or condition." Indiana Mich., 88 F.3d at 1276.

6. On May 3, 1995, DOE formally admitted that it would be unable to begin to dispose of SNF until 2010. Final Interpretation, 60 Fed. Reg. 21,793, 21,794 (May 3, 1995); see also Detroit Edison Co. v. United States, 56 Fed. Cl. 299, 300 (2003).

7. DOE's failure to begin accepting, transporting, and disposing of SNF from Fermi 2 constitutes a breach of contract. Maine Yankee, 225 F.3d at 1343 (Fed. Cir. 2000).

8. "The breach involved all the utilities that had signed the contract – the entire nuclear electric industry." Id. at 1342.

Dated: May 28, 2004

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
The Detroit Edison Power Company

Of Counsel:
Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Document #: 1403082 v.1