ShawPittman LLP

A Limited Liability Partnership Including Professional Corporations

ALEXANDER D. TOMASZCZUK
703.770.7940
Alex.tomaszczuk@shawpittman.com

November 2, 2001

By Facsimile and U.S. Mail

Bryant S. Banes, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
Eighth Floor Mailroom
1100 L Street, N.W.
Washington, DC 20530

Re: Nonparty subpoenas

Dear Bryant:

In accordance with our discussions, set forth below are the documents that nonparty utilities Carolina Power and Light Company, Detroit Edison Company, Wolf Creek Nuclear Operating Corporation, Virginia Electric and Power Company, PSE&G Nuclear L.L.C.[1], and Rochester Gas & Electric Corporation (the "nonparty utilities"), would be prepared to produce in response to the subpoenas served on them by the Government.

Subject to completing an agreement with the Government reflecting the terms and conditions set forth in this letter, the nonparty utilities agree to produce:

A. All documents during the period 1983-96 relating to delivery commitment schedule (DCS) submissions, including but not limited to the actual DCSs submitted by the utility.

---

[1] Subsequent to its receipt of the subpoena, PSE&G Nuclear L.L.C. ("PSE&G Nuclear") filed a complaint seeking damages arising from the Government's breach of the Standard Contract. PSE&G is thus in the unique position of being both a nonparty (for purposes of the subpoena) and a party in the spent nuclear fuel cases.

ShawPittman LLP



B. All documents during the period 1983-96 relating to DOE's acceptance priority ranking/annual capacity reports (APRs/ACRs) or the utility's understanding of and reliance on those APRs/ACRs, exclusive of any rate filings with state regulators.

C. All documents that relate to priority for the acceptance of SNF and/or HLW for shut down reactors (if the utility is willing to state now that it does not intend to assert priority for shut down reactors, then this request can be excluded).

D. All documents relating to the exchange of acceptance slots and/or the exchange of delivery commitment schedules among utilities.

This production would be subject to the following conditions:

1. Nonparty utilities will not produce any privileged documents or any documents issued/generated by DOE in the first instance. All proprietary information will be subject to the protective order that is already in place in the spent nuclear cases.

2. Nonparty utilities will not be required to search archived files, unless company files directly relating to the administration of the contract have been archived; only files at the headquarters offices or plant sites, and in the immediate possession, custody, and control of the utility need be searched.

3. Nonparty utilities will not be required to search their electronic information systems for responsive documents; the search will be limited to documents that exist in "hard copy."

The production of these documents would take place on or before November 21, 2001. To the extent possible, the utilities would endeavor to produce documents by November 15, 2001. The Government will pay for the actual costs incurred by the nonparty utilities in connection with copying and shipping responsive documents to Justice Department offices in Washington, D.C., as required by Rule 45(b)(2)(B) of the Rules of the Court of Federal Claims.

ShawPittman LLP



Please let me know at your earliest convenience whether these terms and conditions are acceptable. Thank you for your continuing cooperation on these matters.

Very truly yours,

Alex D. Tomaszczuk

Document #: 1157256 v.1