U.S. Department of Justice

Civil Division

Telephone: (202) 353-0516
Facsimile: (202) 514-7965

DMC:HDL:BBanes
154-98-483

*Washington, D.C. 20530*

November 8, 2001

**VIA FACSIMILE: (703) 770-7901**

Alex D. Tomaszczuk, Esq.
ShawPittman, LLP
1650 Tysons Blvd.
McClean, Virginia 22102-4859
Tel.: 703-770-7940

Re: Spent Nuclear Fuel Litigation - Third-Party <u>Subpoenas</u>

Dear Mr. Tomaszczuk:

We are in receipt of your November 2 and 5, 2001 letters regarding the third party subpoenas to Carolina Power & Light Company, Detroit Edison Company, Wolf Creek Nuclear Operating Corporation, Virginia Electric and Power Company, PSE&G Nuclear L.L.C ("PSE&G"), Rochester Gas & Electric Corporation, South Carolina Electric and Gas Company ("third parties"), and American Electric Power Company ("AEP"), and, pursuant to our November 5, 2001 discussion, we respond as follows.

With respect to PSE&G, it is no longer a third party since it has filed its own complaint in the Court of Federal Claims alleging a breach of the Standard Contract. As a result, we cannot agree that the material which PSE&G produces pursuant to this subpoena discharges its obligations with respect to any further discovery relating to its complaint, filed September 26, 2001.

Other than with respect to PSE&G, we accept your clients' proposals to produce the following files in their possession:

1. All documents during the period 1983-96 relating to delivery commitment schedule ("DCS") submissions, including, but not limited to, the actual DCSs submitted by each utility.

2. All documents during the period 1983-96 relating to the Department of Energy's ("DOE") acceptance priority ranking ("APR")/annual capacity reports ("ACR") or each utility's

understanding of and reliance upon those APRs/ACRs, exclusive of any rate filings with state regulators.

3. All documents that relate to alleged priority for the acceptance of spent nuclear fuel ("SNF") and/or HLW for shut down reactors (although, if the utility is willing to state now that it opposes priority for shut down reactors and believes that DOE is not obligated to grant shutdown priority, this request can be excluded).

4. All documents relating to the exchange of acceptance slots and/or the exchange of DCSs among utilities.

We also agree that the production by third parties is subject to the following conditions:

1. Third parties will not produce any privileged documents. Moreover, they will not produce any documents issued/generated by DOE in the first instance unless the documents contain unique notations or other material added by the third party. Subject to objection from other parties, we agree that all proprietary information may be subject to the protective order that is currently in place in the SNF cases, provided that each such document is marked with an appropriate legend.

2. Except for files directly relating to the administration of the Standard Contract, third parties are not required to search archived files. For documents not relating to the administration of the Standard Contracts, each third party need only search its files at headquarters offices or plant sites, and those in the immediate custody and control of the utility, including its officers.

3. Third parties will not be required to search their electronic information systems for responsive documents; the search may be limited to those in "hard copy."

The November 21, 2001 proposed date for production by third parties is acceptable, although we would appreciate any efforts for earlier production. As a threshold matter, please contact me with the estimate of costs for any copying and shipping of documents by third parties so we can, on a case-by-case basis, approve the expense or make alternative arrangements. Also, as you may be aware, we are currently experiencing difficulty with receipt of mail and other deliveries from outside sources. Consequently, when you are ready to forward your client's responses to us, please contact me so that we can make appropriate arrangements for their receipt.

Finally, with respect to AEP, you have represented that Indiana Michigan Power Company is a wholly-owned subsidiary of AEP, an that AEP has no additional documents responsive to our subpoena. Given this representation, we do not expect to pursue AEP further.

Thank you for your kind cooperation and assistance. Should you have any questions or concerns, please contact me.

Sincerely,

BRYANT S. BANES
Trial Attorney
Commercial Litigation Branch
Civil Division

cc:

Jane Taylor, Esq.
Office the General Counsel
U.S. Department Of Energy