IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DETROIT EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-926C |
| v. | ) | (Judge Williams) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests an enlargement of time of 10 days, to and including July 8, 2004, within which to file the parties' status report regarding the entry of a protective order and e-mail preservation order in this case. The parties' status report is currently due on Monday, June 28, 2004. Counsel for plaintiff, Alex Tomaszczuk, has represented that the plaintiff in this action does not oppose this motion.

In the parties' prior status report, the parties represented that counsel for plaintiff was attempting to coordinate a response among the counsel for all of the spent nuclear fuel ("SNF") plaintiffs to the Government's letter, dated June 8, 2004, regarding entry of protective and e-mail preservation orders in all of the SNF cases. By letter received today, counsel for plaintiff informed us that, although the clients of counsel for plaintiff were prepared to agree to particular terms for a protective order and e-mail order, other plaintiffs would have to respond directly to us regarding those issues. As we have previously informed the Court, although the specific terms of any protective or e-mail preservation order are obviously important, it is potentially even more important that any protective order or e-mail preservation order entered in the SNF cases have the same terms and impose the same obligations upon the parties in each of the cases. If even

one judge responsible for one of the SNF cases imposes a protective or e-mail preservation order that creates different obligations upon the Government than other protective or e-mail preservation orders entered in other cases, the Government will be in a difficult situation, particularly since the same documents are involved in all of the pending 63 cases. Although counsel for defendant will await responses to the Government's June 8, 2004 letter from other plaintiffs, counsel for defendant also expects to discuss with his superiors other steps to create uniformity in these cases regarding these issues that we might be able to suggest to the Court. To provide us with sufficient time to perform this analysis and to hear from other plaintiffs' counsel, we respectfully request that the Court grant us an additional 10 days to file the parties' status report.

For the foregoing reasons, we respectfully request that the Court grant this request for an enlargement of time of 10 days, to and including July 8, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

June 28, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 28th day of June 2004, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.