IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DETROIT EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-926C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO DETROIT EDISON'S
PROPOSED FINDINGS OF UNCONTROVERTED FACT

For its responses to the proposed findings of uncontroverted fact submitted by Detroit Edison, defendant answers as follows:

1. On June 27, 1983, Detroit Edison executed the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste, 10 C.F.R § 961.11 ("Standard Contract"), with the Department of Energy ("DOE"). Complaint ¶¶ 2, 9.

RESPONSE: Admits.

2. In exchange for the payment of fees into the Nuclear Waste Fund, DOE promised to begin removal of spent nuclear fuel ("SNF") from the Detroit Edison's Fermi 2 Nuclear Power Plant ("Fermi 2") no later than January 31, 1998. Standard Contract, 10 C.F.R. § 961.11, Art. II; Maine Yankee Atomic Power Co. v. United States, 225 F. 3d 1336, 1338 (Fed. Cir. 2000). Generally, DOE was "under a statutory 'obligation . . .reciprocal to the utilities' obligation to pay, to start disposing of the SNF no later than January 31, 1998.'" Northern States Power Co. v. United States, 224 F.3d 1361, 1366 (Fed. Cir, 2000) (quoting Indiana Mich. Power Co. v. United States, 88 F. 3d 1272, 1277 (D.C. Cir. 1996)).

RESPONSE: Denies the facts set forth in the first sentence of paragraph 2; as explained in our accompanying brief, the Standard Contract did not require the Department of Energy to begin accepting spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") from every contracting party by January 31, 1998, but instead required the Department to begin accepting SNF and/or HLW from the contract holders as a collective whole by that date, in accordance with the contract requirements allocating positions in the acceptance queue on an "oldest fuel first" basis. The facts set forth in the second sentence of paragraph 2 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. "[T]he [Nuclear Waste Policy Act] directs DOE to undertake the duty to begin taking the SNF by January 31, 1998, whether or not it has a repository or interim storage facility." Northern States Power Co. v. United States, 128 F..3d 754, 760 (D.C. Cir. 1997).

RESPONSE: The facts set forth in paragraph 3 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. "DOE's duty to take the materials by the 1998 deadline is also an integral part of the Standard Contract, which provides that the Department 'shall begin' disposing of the SNF by January 31, 1998." Id. at 758 (citing and quoting the Standard Contract, 10 C.F.R. § 961.11, Art. II).

RESPONSE: The facts set forth in paragraph 4 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The duty to begin taking SNF by January 31, 1998 was "without qualification or condition." Indiana Mich., 88 F.3d at 1276.

RESPONSE: Denies. Even if DOE's obligation to begin accepting SNF and/or HLW from the nuclear utility contract holders as a collective whole was "without qualification or condition," DOE's obligation to begin accepting SNF and/or HLW from any particular contract holder was conditioned upon the contract holder's satisfaction of numerous conditions, including payment of all required fees, submission of appropriate delivery commitment schedules and final delivery schedules, and fulfillment of all other contract obligations, as evidenced by the language of the contract itself.

6. On May 3, 1995, DOE formally admitted that it would be unable to begin to dispose of SNF until 2010. Final Interpretation, 60 Fed. Reg. 21,793, 21, 794 (May 3, 1995).

RESPONSE: Admits the facts set forth in paragraph 6 to the extent supported by the Final Interpretation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 6; avers that DOE represented that it currently anticipates that it will not be able to begin SNF and/or HLW acceptance until 2010, rather than it "would be unable to begin" by that date.

7. DOE's failure to begin accepting, transporting, and disposing of SNF from River Bend constitutes a breach of contract. Maine Yankee, 225 F.3d at 1343 (Fed. Cir. 2000).

RESPONSE: Denies. As we explain in our accompanying brief, the Standard Contract did not require to begin accepting SNF and/or HLW from every single contract holder by January 31, 1998. Because the plaintiff in this case owns a relatively new nuclear reactor, an acceptance

queue developed using an "oldest fuel first" allocation system would not provide the plaintiff in this case with acceptance allocations for many years after 1998.

8. "The breach involved all the utilities that had signed the contract - the entire nuclear electric industry." Id. at 1342.

RESPONSE: The facts set forth in paragraph 8 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester. Jr.
HAROLD D. LESTER, JR.
Assistant Director
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
ATTN: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

July 28, 2004

CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2004, a copy of the foregoing "DEFENDANT'S RESPONSES TO DETROIT EDISON'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.