IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DETROIT EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-926C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

Pursuant to the Court's order dated December 20, 2005, as amended by order dated January 20, 2006, defendant, the United States, provides this response to the supplemental brief that plaintiff, Detroit Edison Company ("Detroit"), filed on January 27, 2006.

In its supplemental brief, Detroit provides the Court with a rather cursory analysis of the decisions that have been issued in the spent nuclear fuel cases since prior briefing upon various motions was completed in this case. Following our review of Detroit's supplemental brief, we believe that our supplemental brief, also filed on January 27, 2006, and our prior briefing adequately address the bulk of the arguments that Detroit raises in its supplemental brief. Accordingly, we respectfully refer the Court to our prior briefing in response to Detroit's January 27, 2006 supplemental brief.

The one new issue raised by Detroit's supplemental brief relates to Detroit's effort to file with this Court, as an attachment to its supplemental brief, a declaration from one of its employees, Wayne A. Colonnello, to support its motion for summary judgment regarding liability. As we explained in our cross-motion for summary judgment and in our January 27, 2006 supplemental brief, prior to the submission of this declaration, Detroit's request for a liability ruling was supported only by attorney argument that Detroit had suffered any damage as

a result of the Department of Energy's ("DOE's") delay, which does not constitute evidence sufficient to support summary judgment. As we further explained, before a plaintiff is entitled to a ruling upon liability, it must show "some evidence of damage to support a finding on liability" that is "sufficient to demonstrate that the issue of liability is not purely academic." Cosmo Constr. Co. v. United States, 196 Ct. Cl. 463, 469-70, 451 F.2d 602, 605-06 (1971) (emphasis added); see Puritan Assocs. v. United States, 215 Ct. Cl. 976, 978 (1977). In the new declaration, Detroit's affiant declares that Detroit began incurring damages because of DOE's delay in 2001 and that its damages continue through the present day.

As an initial matter, Detroit's submission of this declaration now, long after the parties' briefing on Detroit's liability motion had originally concluded, is untimely. Detroit submitted its motion for summary judgment upon liability, the Government responded to it fully, and Detroit submitted its reply. At no time in that briefing process did Detroit make any effort to address the Government's arguments that Detroit had failed to submit any evidence of damage resulting from DOE's delay. Detroit did not seek leave from the Court to file this declaration now or explain the reasons that the information contained in it was not available during the prior briefing of this issue. Further, its late submission has precluded the Government from any discovery upon this matter. The Court should reject Detroit's untimely filing here.

Even if the Court accepts this new evidence now, it does not support a liability finding in Detroit's favor here. First, a portion of Mr. Colonnello's declaration relies upon inadmissible damages claims to support the requested liability finding. As we discussed in our January 27, 2006 supplemental brief, the United States Court of Appeals for the Federal Circuit has rendered any evidence of damages incurred after the date upon which Detroit filed its complaint irrelevant

to this litigation, as any damages that Detroit may seek here run only through the date of Detroit's complaint. See Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1377 (Fed. Cir. 2005). Accordingly, those allegations in Mr. Colonnello's new declaration regarding alleged damages post-dating the date upon which Detroit filed its complaint in 2002 – specifically, those damages allegations contained in paragraphs 10 and 11 of Mr. Colonnello's declaration – are irrelevant to Detroit's motion for a ruling regarding liability.

The only remaining allegation of damage resulting from DOE's delay is contained in paragraph 9 of Mr. Colonnello's declaration, in which he asserts that Detroit incurred "as much as $1.8 million of the cost of the actual expansion (approximately one-third of its total cost)" of its spent fuel pool in 2001 is attributable to DOE's delay in beginning SNF acceptance. Aside from the questionable nature of this assertion, given that Mr. Colonnello admits that Detroit would have installed additional racks in its spent fuel pool regardless of DOE's delay, Indiana Michigan Power Co. v. United States, 60 Fed. Cl. 639, 656-57 (2004), aff'd, 422 F.3d 1369 (Fed. Cir. 2005) (rejecting plaintiff's claim that plaintiff utility would have performed only a partial rather than a full rerack absent DOE's delay), Mr. Colonnello's declaration does not identify that Mr. Colonnello has any personal knowledge to support this assertion. In paragraph 3 of his declaration, Mr. Colonnello asserts that he became Director of Nuclear Support at Detroit in 2004 – three years after the alleged 2001 damages were incurred. Although he asserts that he previously held other positions at Detroit, see Declaration ¶ 2, his declaration does not indicate any basis upon which he would have personal knowledge sufficient to support his assertions about the alleged 2001 damages, beyond an otherwise unsupported assertion in paragraph 1 that he, in fact, has "first-hand personal knowledge of the facts described herein." Lacking any

indication of personal knowledge, this last-minute addition to Detroit's evidence should not be permitted to justify summary judgment in Detroit's favor.

Further, Mr. Colonnello's declaration does not identify the basis upon which Mr. Colonnello contends that Detroit determined that DOE would be contractually obligated to relieve Detroit of some of its SNF in sufficient time to allow Detroit to reduce the size of the spent fuel pool rerack identified in paragraph 9 of his declaration. As we explained in response to Detroit's motion for summary judgment on liability and again in our January 27, 2006 supplemental brief, liability depends in large part upon the obligations that the Standard Contract created regarding the rate at which DOE had to accept utilities' SNF after January 31, 1998. Mr. Colonnello's declaration makes no representations regarding the basis upon which he asserts that DOE was obligated to reduce Detroit's reracking needs, and the timing of Detroit's submission of this declaration precludes the Government from investigating his assertions through appropriate discovery. Again, for these reasons, this late-filed and unsupported declaration should not be used to justify summary judgment in Detroit's favor here.

## CONCLUSION

For the foregoing reasons, and those set forth in our prior briefing, we respectfully request that the Court grant the Government's motion for summary judgment regarding the rate of SNF acceptance and upon Counts I and II of Detroit's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

February 16, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 16th day of February 2006, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.