**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on February 1, 2007)

| | | |
|---|---|---|
| **THE DETROIT EDISON COMPANY**, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-926C |
| | ) | (Judge Williams) |
| **THE UNITED STATES**, | ) | |
| Defendant. | ) | |

**JOINT MOTION TO CONTINUE STAY**

Plaintiff, The Detroit Edison Company, and Defendant, the United States, respectfully file this motion to request that this case be stayed. However, the parties disagree with regard to the length of the proposed stay.

**Plaintiff's Request**

Plaintiff requests that the Court continue the stay of proceedings in this case through May 31, 2007.[1] A stay of this duration is appropriate due to (1) the issuance of recent judgments in other spent nuclear fuel damages cases in this Court, and (2) the likelihood such judgments will be appealed and that the resultant Federal Circuit opinions will further narrow the issues that will need to be litigated in this case. The parties respectfully submit that the Federal Circuit's resolution of any such appeals in calendar year 2007 will likely facilitate a more efficient adjudication of the instant action, just as the Federal Circuit's decisions in calendar year 2005 and 2006 have already

[1] The Court issued an Order on May 9, 2006 staying this case pending the U.S. Court of Appeals for the Federal Circuit's (the "Federal Circuit") decision in PSEG Nuclear, LLC v. United States, No. 05-5162 ("PSEG"). As noted below, the Federal Circuit issued a decision in PSEG in September 2006.

provided significant clarification regarding this Court's jurisdiction over the spent nuclear fuel damages cases and the proper scope of a damages trial in a suit for partial breach of contract.

As the Court is aware, in the spent nuclear fuel cases, the Federal Circuit issued two key decisions in 2005 and 2006. Most recently, in PSEG Nuclear, LLC v. United States, 465 F.3d 1343 (Fed. Cir. 2006), the Federal Circuit confirmed that this Court has subject-matter jurisdiction under the Tucker Act over plaintiff utilities' breach of contract claims in the spent nuclear fuel damages cases. Second (and perhaps more significantly), the Federal Circuit held in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005) ("Indiana Michigan"), that in a suit for partial breach of contract, a plaintiff may recover pre-breach damages but those damages are generally "limited to those costs incurred prior to the date of its suit." Id. at 1376-77. Costs that have yet to be incurred must be sought in separate actions "as they are incurred." Id.[2]

Thus, the practical effect of the Indiana Michigan decision is that, in cases where a large portion of a plaintiff utility's spent nuclear fuel storage costs (that are caused by the Government's breach of the Standard Contract) have yet to be incurred, it makes little procedural sense for those cases to proceed towards discovery and trial until such time substantial damages have actually been

[2] The Federal Circuit also held, however, that "[i]f the breach is partial only, the injured party may recover damages for nonperformance only to the *time of trial* and may not recover damages for anticipated future nonperformance." 422 F.3d at 1376 (emphasis added). Despite this apparently conflicting language about the type of damages that are recoverable in a partial breach suit, the Federal Circuit chose not to clarify the issue. Since the Federal Circuit's decision, plaintiff utilities and the Government disagreed about the effect of Indiana Michigan on the recoverability, as a matter of law, of post-complaint/pre-trial damages in other spent nuclear fuel cases. The parties have resolved their disagreement on this issue in most cases through the plaintiffs' filing of amended and/or supplemental complaints and agreements between the parties as to a damages "cutoff" date for those cases. E.g., Florida Power & Light Co. v. United States, No. 98-483C (Baskir, J.) (November 30, 2005 cutoff date); Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.) (December 31, 2004 cutoff date); System Fuels, Inc. v. United States, No. 03-2624C (Braden, J.) (August 31, 2005 cutoff date); see also System Fuels, Inc. v. United States, 2006 U.S. Claims LEXIS 288 *11-*18 (Fed. Cl. Sept. 29, 2006) (granting the plaintiff utility leave to file an amended and supplemental complaint for damages through June 30, 2006 in a case where trial is scheduled to commence in February 2007).

incurred. In this case, while Plaintiff has incurred a variety of spent nuclear fuel storage costs as a result of the Government's breach, the bulk of its more substantial damages – in the form of the design, construction and operation of a dry fuel storage facility – have yet to be incurred. Thus, Plaintiff respectfully submits that a stay in this case is appropriate until those costs have been incurred and Plaintiff is in a position under Indiana Michigan to seek recovery of such costs.

Apart from the practical impact of the Indiana Michigan decision on the scope of the claims to be litigated in Detroit Edison's case, as noted above, a stay is also appropriate because some of this Court's recent trial decisions in the spent nuclear fuel cases have been or likely will be appealed to the Federal Circuit. In Yankee Atomic Elec. Co. v. United States, 73 Fed. Cl. 249 (2006) ("Yankee"), this Court awarded the plaintiffs over $140 million in damages. The Government filed an appeal of this trial decision at the Federal Circuit on December 4, 2006 (docketed as Case No. 07-5025). The plaintiffs in the Yankee cases filed a cross-appeal on December 14, 2006 (docketed as Case No. 07-5031). This Court also recently issued a trial decision in Pac. Gas & Elec. Co. v. United States, 73 Fed. Cl. 333 (2006) ("PG&E"), which awarded the utility plaintiff approximately $43 million in damages. The plaintiff in PG&E filed an appeal of this trial decision at the Federal Circuit on January 18, 2007 (docketed as Case No. 07-5046). Further, this Court issued a trial decision in Sacramento Mun. Util. Dist. v. United States, 2006 U.S. Claims LEXIS 372 (Fed. Cl. Dec. 1, 2006) ("SMUD"), which awarded the utility plaintiff approximately $40 million in damages. The time period for filing an appeal in SMUD has not yet passed. These three recent trial decisions dealt largely with damages-related matters that have not yet been litigated in this case; accordingly, any decision from the Federal Circuit regarding, *inter alia*, the recovery of dry fuel storage costs and the rate of spent fuel acceptance could have an effect on how the parties would litigate the instant action. Hence, the parties respectfully submit that any clarification from the

Federal Circuit in Yankee, PG&E, and/or SMUD will facilitate the efficient adjudication of Plaintiff's damages claim here.

As the Court is also aware, this Court recently held in Nebraska Pub. Power Dist. v. United States, 73 Fed. Cl. 650 (2006) ("NPPD"), that the U.S. Court of Appeals for the District of Columbia Circuit's partial writ of mandamus in Northern States Power Co. v. Dep't of Energy, 128 F.3d 754 (D.C. Cir. 1997), is "void" and does not preclude the Government from arguing in NPPD that it is not liable for partial breach of contract under the "Unavoidable Delays" clause of the Standard Contract. The plaintiff in that case (also represented by the undersigned counsel for Plaintiff) filed a motion on November 13, 2006 for certification of the NPPD decision for interlocutory appeal, and that motion was granted on December 19, 2006. If the Federal Circuit subsequently grants permission for interlocutory appeal – the underlying petition is pending and has been docketed as No. 2007-M843 – the outcome of such an appeal might affect the Court's adjudication of this case. For this reason also, a stay in the instant action is appropriate if and until the Federal Circuit rules on the "Unavoidable Delays" issue in NPPD.

Finally, a continuation of the stay in this case is desirable because counsel for the parties have been and will be extensively engaged in the damages trials of several other spent nuclear fuel cases pending before this Court. For example, trial proceedings involving the undersigned counsel are currently scheduled to commence on February 12, 2007 in System Fuels, Inc. v. United States, No. 03-2623C (Lettow, J.). A damages trial is also scheduled to commence on May 7, 2007 in Boston Edison Co. v. United States, No. 99-447 (Lettow, J.), which case has been consolidated for a limited purpose with Entergy Nuclear Generation Co. v. United States, No. 03-2626C (Lettow, J.). Furthermore, the undersigned counsel recently concluded damages trials in Northern States Power Co. v. United States, No. 98-484C (Wiese, S.J.) on December 11, 2006 and in System Fuels, Inc. v.

United States, No. 03-2624C (Braden, J.) on January 18, 2007. The parties will conduct post-trial briefing and closing arguments in these two cases during the next several months.

Multiple spent fuel cases continue to proceed on various fronts that could either control or inform the Court's resolution of various key issues in this case. Thus, Plaintiff respectfully requests that the Court stay this case through May 31, 2007. On or before that date, the parties would file a joint status report updating the Court regarding the status of appeals at the Federal Circuit or any other significant developments in the spent nuclear fuel damages cases.

**Defendant's Request**

Defendant, the United States, respectfully requests that the Court stay proceedings in this case not through May 31, 2007, but through the conclusion of appeals currently pending before the United States Court of Appeals for the Federal Circuit.

As an initial matter, we agree with the plaintiff that, in light of the various appellate court proceedings and other proceedings before this Court that are continuing and are significantly further developed than this case, a stay of proceedings is appropriate. However, we cannot agree that a stay only through May 31, 2007, will achieve any of the benefits that the plaintiff has described. Based upon the rationale that the plaintiff has based its stay request, this Court should be stayed until the resolution of any appeals in the cases that the plaintiff identified in its motion to stay: (1) Yankee Atomic Electric Co. v. United States, No. 98-126C, slip op. (Fed. Cl. Oct. 4, 2006), appeal pending, Nos. 2007-5025, -5031 (Fed. Cir. docketed Dec. 7, 2006), and its two companion cases, Connecticut Yankee Atomic Power Co. v. United States, Nos. 2007-5027, -5033 (Fed. Cir. docketed Dec. 8, 2006), and Maine Yankee Atomic Power Co. v. United States, Nos. 2007-5026, -5032 (Fed. Cir. docketed Dec. 7, 2006); (2) Pacific Gas & Electric Co. v. United States, Nos. 04-0074C & -0075C, slip op. (Fed. Cl. Oct. 13, 2006), appeal pending, No. 2007-5042 (Fed. Cir.

docketed Jan. 24, 2007); and (3) Nebraska Public Power District v. United States, No. 01-116C, slip op. (Fed. Cl. Oct. 31, 2006), motion to certify for interlocutory appeal granted, slip op. (Fed. Cl. Dec. 19, 2006).[3] It is only with appellate guidance regarding many of the issues that are being retried and reargued repeatedly in different spent nuclear fuel cases can some of the duplicative work that is being undertaken in the spent nuclear fuel litigation be reduced. However, those appeals will certainly not be resolved by May 31, 2007. The foundation underlying the plaintiff's stay request does not support the limitation upon the stay that the plaintiff has requested, and the plaintiff's request for only a short stay makes no sense based upon the stated justification. A more appropriate stay, based upon the plaintiff's stated justification, would relate to the conclusion of the identified appellate proceedings. To the extent that circumstances develop that would justify lifting a stay prior to the conclusion of any possible appeals of those cases, the plaintiff or the defendant can file an appropriate motion with the Court.

[3] In addition, the Court issued final judgment in another spent nuclear fuel case, Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl.), on December 4, 2006. For the same reasons that the plaintiff explained in its motion to stay, any continued proceedings in this case should await any appellate resolution of that decision.

For the foregoing reasons, defendant respectfully requests that the Court stay proceedings in this case until final resolution of any appeals of the cases that the plaintiff identified in its motion to stay.

Dated: February 1, 2007

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
The Detroit Edison Company

Of Counsel:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen by s/ Jack Y. Chu
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr. by s/ Jack Y. Chu

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0478
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585