IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Electronically Filed on March 20, 2008)

| | |
|---|---|
| **THE DETROIT EDISON COMPANY**, Plaintiff, v. **THE UNITED STATES**, Defendant. | No. 02-926C (Judge Williams) |

**JOINT STATUS REPORT**

Pursuant to this Court's Orders dated July 2, 2007 and March 14, 2008, the parties have conferred regarding further proceedings in this case. As their positions cannot be reconciled, the plaintiff and defendant each present their positions separately below.

I. PLAINTIFF'S POSITION

Plaintiff Detroit Edison Company ("DTE") respectfully requests this Court to lift the stay in this case. The decisions of the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") have established various key points of law that control this case, to wit:

1. Defendant United States (the "Government"), acting through the Department of Energy ("DOE"), has breached its contract with DTE and other utilities that executed the Standard Contract by failing to commence performance of its obligation to dispose of the utilities' spent nuclear fuel by January 31, 1998. *Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336 (Fed. Cir. 2000) (affirming grant of summary judgment for utilities that DOE breached Standard Contracts by failing to begin disposal services by January 31, 1998); and *Northern States Power Co. v. United States*, 224 F.3d 1361, 1367 (Fed. Cir. 2000) ("*Northern States III*") (reversing dismissal of breach suit). Notably, DOE has failed to perform for over ten years – and while DOE had until recently been suggesting that the earliest that performance could be expected was 2020, it is no longer

projecting any date for performance. In this regard, DTE's May 28, 2004 motion for summary judgment on liability remains pending. Assuming that the Court finds the Government liable for breach of contract consistent with the Federal Circuit's ruling in *Maine Yankee* and virtually all other SNF damages cases in this Court, a trial to adjudicate DTE's breach of contract damages is appropriate.

2. DTE is entitled to recover past damages based upon an action for partial breach of contract, as has been presented to the Court here. *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005). Past damages are limited to those incurred up to the date of trial, or some other reasonable cut-off date that may be agreed upon by the parties. Future damages will have to be the subject of future actions (plaintiff's damages are generally "limited to those costs incurred prior to the date of its suit"), 422 F.3d at 1376-77.

3. This Court has jurisdiction over this partial breach of contract action. *PSEG Nuclear, LLC v. United States*, 465 F.3d 1343 (Fed. Cir. 2006). Determining the appropriate damages to be awarded DTE falls within the exclusive province of this Court. *Id.*

Other spent nuclear fuel cases have been argued and are currently awaiting decision by the Federal Circuit: (1) *Yankee Atomic Elec. Co. v United States*, 73 Fed. Cl. 249 (2006), *appeal pending*, Nos. 2007-5025, 2007-5026, 2007-5027, 2007-5031, 2007-5032, 2007-5033 (Fed. Cir.); (2) *Pacific Gas & Elec. Co. v. United States*, 73 Fed. Cl. 333 (2006), *appeal pending*, No. 2007-5046 (Fed. Cir.); (3) *Sacramento Mun. Util. Dist. v. United States*, 70 Fed. Cl. 332 (2006), *appeal pending*, No. 2007-5052 (Fed. Cir.); and (4) *Nebraska Pub. Power Dist. v. United States*, 73 Fed. Cl. 650, *certified for appeal*, 74 Fed. Cl. 762 (2006), *appeal pending* No. 2007-5083 (Fed. Cir.). Decisions by the Federal Circuit in the *Yankee Atomic*, *Pacific Gas*, and *Sacramento Mun. Util. Dist*. cases will likely resolve key issues of law on a schedule consistent with the trial schedule outlined below. In DTE's view, a decision in *Nebraska Pub. Power Dist*. is also likely to occur on a

schedule consistent with the proposed trial schedule, but is not likely to resolve this case definitively or obviate the need for a trial to determine DTE's damages.[1]

In view of the lengthy period of non-performance by DOE and its failure to commit to (or even predict) any future performance date, DTE has no effective alternative but to pursue its damages in this Court. This is particularly true in view of the uncertainty as to whether DTE can recover any of the costs of financing the actions taken to date to mitigate the effects of DOE's breach.[2] In short, further delay works in favor of the Government's interests and against DTE's interests. DTE's mitigation costs incurred to date include costs associated with re-racking its wet fuel pools and commencing the construction of a dry fuel storage facility, which facility is necessary to store the additional fuel that remains on-site in view of DOE's non-performance. Because a substantial amount of the costs associated with the dry fuel storage facility will be incurred in 2008, DTE seeks a trial in this case in 2009 so that such trial would allow DTE to "capture" costs incurred through the end of 2008.

Accordingly, DTE proposes that the stay be lifted and that the Court adopt the following pretrial and trial schedule:

Plaintiff's Proposed Schedule

June 2, 2008: Exchange Rule 26 disclosures.

October 1, 2008: DTE serves the Government with its expert reports/damages claims (and supporting records).

March 4, 2009: DTE supplements its damages claims to include costs incurred through 12/31/08

---

[1] Three other SNF decisions from the Court of Federal Claims have been appealed to the Federal Circuit but have not yet been fully briefed or argued. *Northern States Power Co. v. United States*, 78 Fed. Cl. 449 (2007), *appeal pending*, No. 2008-5037 (Fed. Cir.); *System Fuels, Inc. v. United States*, 79 Fed. Cl. 37 (2007), *appeal pending*, Nos. 2008-5025, 2008-5035 (Fed. Cir.); *Southern Nuclear Operating Co. v. United States*, 77 Fed. Cl. 396 (2007), *appeal pending*, Nos. 2008-5020, 2008-5028 (Fed. Cir.).

[2] *See, e.g., System Fuels, Inc. v. United States*, 78 Fed. Cl. 769 (2007), where additional proceedings have been conducted to determine damages relating to that utility's cost of capital or its cost of borrowed funds.

July 3, 2009: Government submits its expert reports.

October 1, 2009: Discovery cut-off date.

October 15, 2009: Exchange draft witness and exhibit lists; meeting of counsel.

October 30, 2009: DTE's memorandum of fact and law and final exhibit and witness lists.

November 20, 2009: Government's memorandum of fact and law and final exhibit and witness lists.

December 1, 2009: Pre-trial conference.

December 7, 2009: Trial commences (anticipated duration: 2 weeks).

## II. DEFENDANT'S POSITION

Previously, plaintiff, Detroit Edison Company ("Detroit"), previously requested stays of proceedings in this litigation premised upon the desire to await guidance from the Court of Appeals for the Federal Circuit in cases that are still pending before that Court or from other cases of this Court that have not yet reached resolution. Although defendant, the United States, does not understand the basis upon which Detroit now wishes to proceed in active litigation without the appellate court guidance that it previously thought would be useful to this case, defendant will not oppose Detroit's request to move this case into active litigation.

However, based upon defendant's experience in past litigation in the spent nuclear fuel cases, it appears clear that the cycle of discovery issues that arise each time a plaintiff in a spent nuclear fuel case elects to take its particular case into active litigation needs to change. Too often, plaintiffs in the spent nuclear fuel cases that had originally chosen to stay their cases seek, once they elect to move into active litigation, to burden the Government with discovery demands that duplicate discovery that has already been taken in other spent nuclear fuel cases. Defendant believes that a coordinated approach to discovery in this case, coordinated with all of the other spent nuclear fuel cases, is appropriate and necessary to streamline costs and the burdens upon the Government. Defendant anticipates that, within the next 21 days, defendant will file a motion with the Court that will more definitively identify a proposed plan for discovery in this and other spent nuclear fuel cases. Defendant proposes that the Court defer entering a specific schedule for proceedings in this case until it reviews that motion and the briefing upon that motion, which may affect the manner in which discovery proceeds here.

To the extent that the Court believes it necessary to enter a scheduling order in advance of the Government's anticipated motion, defendant does not object, in principle, to the currently

proposed deadlines that Detroit has identified, with one exception. In its proposal, Detroit identifies a date of June 2, 2008, for the exchange of Rule 26 initial disclosures, with an October 1, 2008 deadline for Detroit's expert reports. Although defendant does not object to Detroit's desire to delay its reports until October 1, 2008, defendant believes that Detroit should immediately – and no later than June 2, 2008 – be required to produce to the Government all of the documents upon which it intends to rely in this litigation. Detroit has had access to the Government's extensive production of documents for several years, all of which are available on the document production website that defendant created for this litigation. Yet, defendant has nothing from Detroit. Defendant is unwilling to wait until Detroit's production of its expert reports in October 2008 to obtain from Detroit the same level of production from Detroit that Detroit has already obtained from defendant. Any scheduling order should make clear that Detroit has an affirmative obligation, with its initial disclosures, to produce the bulk of the documents that related to the issues in this litigation.

Dated: March 20, 2008

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
The Detroit Edison Company

Of Counsel:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr. by s/ Jack Y. Chu
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0478
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

400781473v1