**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on May 5, 2008)

| | | |
|---|---|---|
| **THE DETROIT EDISON COMPANY**, Plaintiff, | ) | |
| v. | ) | No. 02-926C (Judge Williams) |
| **THE UNITED STATES**, Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DEFER THE COURT'S CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY**

Plaintiff The Detroit Edison Company ("Detroit Edison"), through the undersigned counsel, respectfully files this response in opposition to Defendant's (the "Government") April 18, 2008 motion ("Gov't Mo.") to defer the Court's consideration of Plaintiff's pending motion for summary judgment on liability until the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") issues a decision in Nebraska Public Power District v. United States, No. 2007-5083 (Fed. Cir.) (the "NPPD appeal").[1] In support of its motion, the Government appears to argue, *inter alia*, that the issue of liability in this case is closely related to the NPPD appeal, and that the requested deferral period is of a reasonable duration. Gov't Mo. at 9-12. The Government concludes that waiting "a relatively short period of time" for guidance from the Federal Circuit in the NPPD appeal "would not impede the parties' efforts to press forward with this litigation." Id. at 12. For reasons explained below, Detroit Edison respectfully disagrees.

[1] Generally speaking, and for purposes of this response only, Detroit Edison does not dispute the Government's recitation of background facts and this case's procedural history in support of its motion. However, Detroit Edison strongly disputes the Government's characterization of the importance of the NPPD appeal to this case and the relevance of the "Unavoidable Delays" clause to a liability ruling in this or any other spent nuclear fuel case.

The Government's position is based on the unwarranted assumption that the requested deferral period will actually be of a short duration. This assertion is far from clear, because no binding mandate would issue in the NPPD appeal pending any efforts by the parties for further appellate review. Indeed, there is ample reason to believe that the deferral requested by the Government could even extend past the December 2009 trial date to which the parties have agreed in this case. Apart from the Government's concession that it cannot estimate the length of time that the Federal Circuit will need to resolve the NPPD appeal, Gov't Mo. at 11, there remains a strong possibility that one or both of the parties to the appeal will seek further review of any impending decision from the Federal Circuit. First, one of the parties may decide to file, pursuant to the Federal Circuit's Rule 40, a petition for panel rehearing. If such a petition for panel rehearing were granted, the Government's requested deferral period here would necessarily be extended. Second, one of the parties may decide to file, pursuant to the Federal Circuit's Rule 35(b), a petition for rehearing en banc. Again, if such a petition were granted, the Government's requested deferral period here would be extended. Third, and perhaps most significantly, one of the parties may file – either instead of or in addition to the aforementioned petitions for rehearing – a petition for a writ of certiorari to the U.S. Supreme Court. If such a petition were granted, the Government's requested deferral period regarding a determination on liability could conceivably last anywhere between one and two years (i.e., hardly a "relatively short period of time"). Finally, even if the NPPD decision is issued soon and no party seeks to review it, it is far from clear that the decision will affect the liability ruling that Detroit Edison believes should issue here based on the well-settled companion decisions of the Federal Circuit in Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336 (Fed. Cir. 2000), and in Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000).

As the Court is aware, the damages trial in the instant action has already been scheduled for December 2009. Because the Court's adjudication of damages in this case implicitly requires an affirmative finding regarding the Government's liability for breach of contract – a finding that the Federal Circuit conclusively reached long ago, see Maine Yankee, 225 F.3d at 1342 ("The breach involved all utilities that had signed the contract – the entire nuclear electric industry") – deferral of the liability issue in this case pending appellate decisions that might not be final and unappealable until calendar year 2010 makes no practical sense. As the Court is aware, this Court has issued several damages decisions in the past year – all during the pendency of the NPPD appeal. E.g., Northern States Power Co. v. United States, 78 Fed. Cl. 449 (2007), *appeal pending*, No. 2008-5037 (Fed. Cir.); System Fuels, Inc. v. United States, 79 Fed. Cl. 37 (2007), *appeal pending*, Nos. 2008-5025, 2008-5035 (Fed. Cir.); Southern Nuclear Operating Co. v. United States, 77 Fed. Cl. 396 (2007), *appeal pending*, Nos. 2008-5020, 2008-5028 (Fed. Cir.). Moreover, as in other spent nuclear fuel cases, Detroit Edison is entitled to a liability ruling prior to trial. See, e.g., System Fuels, Inc. v. United States, 66 Fed. Cl. 722, 734-35 (2005) (issuing liability decision before the scheduling of a damages trial); System Fuels, Inc. v. United States, 65 Fed. Cl. 163, 177 (2005) (same). This is particularly true here, where Detroit Edison has been served with extensive discovery requests by the Government (attached hereto at Exhibit A), and it has engaged experts who have begun work on meeting the October 1, 2008 deadline for Plaintiff's expert reports. As a result, Detroit Edison has begun to expend substantial costs and administrative resources in its pre-trial preparation efforts.

Ultimately, as the Federal Circuit has held, stays of the judicial process are disfavored. Kahn v. General Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989) ("Precedent shows the general disfavor with which stays are viewed"); see also Landis v. N. Am. Co., 299 U.S. 248,

255 (1936) (noting that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward" and "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."). The Government has not demonstrated the necessary hardship, or even *any* hardship in support of its requested relief, because there is simply nothing extraordinary about the circumstances of this case. As the Court is undoubtedly aware, in the last several years, the Government itself has litigated and this Court has adjudicated (or is about to hold trial in) over ten spent nuclear fuel damages trials, without the pending "guidance" that the Government appears to argue now is crucial to avoiding substantial hardship. Moreover, setting aside the particular facts underlying Plaintiff's damages claim, the instant case is generally indistinguishable from (if not simpler than) those spent nuclear fuel cases that have already been adjudicated. Thus, the parties should continue to proceed with discovery and pre-trial matters that, as noted above, depend on a finding of liability. If anything, the hardship that Plaintiff would face from a deferred ruling on liability, given the discovery and pre-trial schedule in this case, significantly outweighs any potential hardship alleged in the Government's motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Government's motion to defer the Court's consideration of Plaintiff's pending motion for summary judgment on liability until a ruling in the NPPD appeal. The parties' briefing on liability in this case has been complete since 2006, a liability ruling is ripe for this Court's adjudication, and this Court should decide the liability issue presented by the parties in their briefs without further delay.

Dated: May 5, 2008

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff
The Detroit Edison Company

OF COUNSEL:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)

Thomas A. Hughes
Vice President and General Counsel
DTE Energy Co.
2000 Second Avenue
Detroit, MI 48226
(313) 235-7054

Bruce R. Maters
Assistant General Counsel
DTE Energy Co.
2000 Second Avenue
Detroit, MI 48226
(313) 235-7481