IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE DETROIT EDISON COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02-926C |
| v. | ) | (Judge Williams) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DETROIT EDISON COMPANY

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, defendant, the United States, hereby requests that plaintiff, Detroit Edison Company ("Detroit Edison"), produce all documents in its possession, custody, and/or control, or otherwise available to Detroit Edison, that are responsive to the requests in the numbered paragraphs below, and that Detroit Edison produce them within 30 days after service of these requests. Because these requests for production are continuing, they require supplemental response if Detroit Edison obtains additional information and/or discovers additional documents after service of Detroit Edison's original response. Such supplemental responses shall be served from time to time, but not later than 10 days after such additional information has been obtained.

**DEFINITIONS AND INSTRUCTIONS**

A. The following definitions apply in responding to these document production requests:

1. "Plaintiff," "Detroit Edison Company," "Detroit Edison," "you," "your," and "yourself" shall refer to the plaintiff in this action, as well as plaintiff's present or former officers, employees, agents, attorneys, or representatives and every person acting upon plaintiff's behalf and/or connected with the plaintiff in the context of the matters at issue in this action.

2. "Person" and "individual" shall include any natural person, corporation (private or governmental), subsidiaries, syndicate, trust, partnership, proprietorship, firm, group, association, joint venture, governmental or other public entity or agency, or any other form of organization or legal entity, and all respective officials, directors, officers, employees, representatives, independent contractors, investigators, consultants, agencies, or agents, whether or not still alive or in existence.

3. "Official," "director," "officer," "employee," "representative," "agency," or "agent" shall include any person, natural, corporate, or otherwise, including any attorney, serving or acting in such capacity (by contract or otherwise) at any relevant time even though such person no longer serves or acts in such capacity.

4. "Document" shall be construed in the broadest sense possible under RCFC 34 and shall include the original and any copy of any and all writings as that term is defined in Federal Rule of Evidence 1001, and all written, typed, printed, recorded, graphic, computer-generated, or other matter of any kind from which information can be derived, whether produced, reproduced, or stored on paper, cards, tape, film, electronic facsimile, computer

storage devices, or any other medium in your possession, custody, or control, or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes (whether of visits, meetings, telephone calls, or otherwise), memoranda (whether of visits, meetings, telephone calls, or otherwise), appointment calendars, schedules, telegrams, telexes, facsimiles, electronic mail, press releases, notices, brochures, pamphlets, guidelines, manuals, instructions, summaries or abstracts, diaries, notebooks, minutes, computer printouts or information stored in a computer-readable form, tests, reports, files, file jackets, analyses, studies, testimony, speeches, worksheets, invoices, bills, written estimates, contracts, agreements of any kind, purchase orders, change orders, proposed changes, schedules, plans, charts, diagrams, drawings, graphs, designs, blueprints, tables, photographs, books, articles, or extracts from any of the foregoing, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. These requests encompass all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including, but not limited to, digital images and graphics, digital or analog audio tapes and files, and digital or analog video tapes and files. The term "document" or "documents" also shall include each copy that is not identical to the original or to any other produced copy, and any preliminary drafts of any documents or any working papers related thereto, and specifically includes internal memoranda.

5. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, and/or in any way pertaining to the subject specified.

6. "DOE" refers to the United States Department of Energy.

7. "HLW" refers to high-level radioactive waste as defined in Article I, clause 12, of the Standard Contract.

8. "SNF" refers to spent nuclear fuel as defined in Article I, clause 18, of the Standard Contract.

9. "ISFSI" refers to independent spent fuel storage installation, such as that used in the dry storage of spent nuclear fuel.

10. "GTCC" refers to Greater-Than-Class-C waste, which is radioactive waste that exceeds the concentration limits of radionuclides established for Class C waste in 10 C.F.R. § 61.55.

11. "Re-racking" means the process by which additional and/or space-conserving racks are added to the spent fuel pool as a means of increasing SNF storage capacity.

12. "PFS" refers to Private Fuel Storage, LLC.

13. "Annual Capacity Report Issue Resolution Process" and "ACR Issue Resolution Process" mean the process, begun in the mid-1980s, in which utilities and the Department of Energy identified and discussed issues related to the implementation of the Standard Contract. This definition also includes all predecessor and successor groups, including, but not limited to, the "ACR Response Group."

B. To bring within the scope of these requests all information and documents that might otherwise be construed to be outside their scope:

1. The singular of each word shall be construed to include its plural and vice versa, and the root word and all forms thereof (*i.e.*, participles and infinitives, *etc.*) shall be construed to include each other;

2. "And" as well as "or" shall be construed both conjunctively as well as disjunctively;

3. "Each" shall be construed to include "all," and vice versa;

4. "Any" shall be construed to include "all," and vice versa;

5. The present tense shall be construed to include the past tense, and vice versa;

6. The masculine shall be construed to include the feminine, and vice versa;

7. "Knowledge," "information," "possession," "custody," and "control" possessed or exercised by a person shall be construed to include "knowledge," "information," "possession," "custody," and "control" possessed or exercised by such person's agents, representatives, and attorneys;

8. "Include" and "including" shall have their ordinary meaning and shall mean "including, but not limited to;"

9. In general, all terms used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal, or otherwise restrictive manner.

C. If plaintiff cannot answer the following document requests in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Explain in detail the reasons for plaintiff's inability to answer the remainder, and identify whatever information or knowledge plaintiff has concerning the unanswered portion.

D. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or approximate information shall be supplied. Where an estimate or

approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

E. Each request herein constitutes a request that each document referred to, or a true, complete, and legible copy thereof, be produced, during business hours and upon appropriate notice, to defendant's undersigned counsel, at the offices of the Department of Justice, 1100 L Street, N.W., Washington, D.C. 20530, within the time provided in RCFC 34, or at such other time or place as may be agreed upon by plaintiff and the United States, for the purpose of inspection and copying in accordance with RCFC 34. Each document request seeks documents that are in any way in your possession, custody, or control, including the possession, custody, or control of your attorneys, or to which any of your attorneys have, or have had, access. If a requested document was, but no longer is, in your possession, custody, or control, identify the document and identify the present location and custodian of the document, or if such information is unavailable, identify the last known location and custodian of the document, and explain the circumstances under which the document left your possession, custody, or control.

F. If you believe that any of the following requests for production calls for the production of documents that you claim contain privileged material, produce so much of the document(s) as is not objected to, and set forth, with respect to each such document as to which a claim of privilege is asserted, the nature of the privilege claimed (*e.g.*, attorney-client and/or work product privileges) and all the reasons upon which you base the claim of privilege. For each document or part of a document as to which you claim privilege, state:

1. The date thereof;

2. The type, title, and subject matter of the document, sufficient to assess whether the assertion of privilege is valid;

3. The name of the person or persons who prepared or signed the document;

4. The name and positions of all intended and actual recipients of the document;

5. Each person now in possession of the original or a copy of the document;

6. If not previously identified, the nature of the privilege being claimed and all facts relevant to the claim; and

7. The number of the document request to which the document is responsive.

G. Notwithstanding a claim that a document is privileged, any document so withheld must be produced with the portion claimed to be protected excised. If, for reasons other than a claim of privilege, you refuse to produce any documents described herein, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal. In the event that you object to any document production request upon the ground that it is too broad (*i.e.*, that it calls both for information which is relevant to the subject matter of the action and information which is not relevant), provide the information that is relevant. If you object to a document production request upon the ground that to provide the document(s) would constitute an undue burden, provide all requested documents that can be supplied without undertaking an undue burden.

H. Unless indicated otherwise in the specific document request, these requests call for information and documents beginning in 1970 up to the present.

I. To the extent you believe information or documents responsive to these document requests has already been produced to the Government by Detroit Edison, identify with specificity where in the prior production the information or documents may be found.

**REQUESTS FOR PRODUCTION**

REQUEST NO. 1

All documents relating to the operations and maintenance associated with dry storage, including all documents relating to personnel and staffing for ISFSI operations and the costs associated with ISFSI operations.

REQUEST NO. 2

All documents relating to the operations and maintenance associated with wet storage, including all documents relating to personnel and staffing for wet pool operations and the costs associated with wet pool operations.

REQUEST NO. 3

All documents relating to historic SNF discharge rates for Fermi 2 Nuclear Power Plaint, located in Monroe County, Michigan, and all other commercial nuclear power plants owned and operated by Detroit Edison.

REQUEST NO. 4

All documents relating to the presence of high burn-up fuel, failed fuel, non-standard fuel, other than standard fuel, and/or GTCC radioactive waste in plaintiff's wet pools or upon plaintiff's reactor sites.

REQUEST NO. 5

All documents relating to decommissioning, including, but not limited to, all decommissioning studies, either developed by plaintiff or outside contractors.

REQUEST NO. 6

Any investigations, analyses, and/or studies of additional or alternative storage options for plaintiff's SNF and/or HLW.

REQUEST NO. 7

All documents relating to PFS, including all documents relating to plaintiff's participation in PFS and plaintiff's damages attributable to PFS, if any.

REQUEST NO. 8

All documents concerning or reflecting the substantive, technical, and/or economic bases for plaintiff's construction of any ISFSI units at plaintiff's reactor sites.

REQUEST NO. 9

All documents related to the decision to build an ISFSI at plaintiff's reactor sites.

REQUEST NO. 10

All spent fuel management studies produced by or upon behalf of plaintiff.

REQUEST NO. 11

All documents relating to any modifications to site facilities necessary to support the transfer of fuel from plaintiff's wet pools to any ISFSI units at plaintiff's nuclear reactor sites.

REQUEST NO. 12

All documents relating to any modifications to site facilities necessary to support transfer of fuel to DOE from plaintiff's wet pools.

REQUEST NO. 13

All documents relating to the following areas of information regarding plaintiff's spent fuel pools: capacity, including but not limited to license capacity; historical changes in capacity;

current inventory (including data relating to the type and composition of the material in plaintiff's spent fuel pools, as well as details about burn-up and enrichment of the material in the pools); and specific identification (both in type and amount) of materials other than SNF that are stored in plaintiff's pools.

REQUEST NO. 14

All documents relating to any re-racking at plaintiff's nuclear reactor sites, including, but not limited to, memoranda, notes, letters, or printed e-mails relating to any decisions concerning re-racking and the extent of any actual or potential re-racking.

REQUEST NO. 15

All documents concerning Boraflex racks, including all documents concerning any problems experienced at plaintiff's facility as a result of any use of Boraflex racks.

REQUEST NO. 16

Copies of current certificates of compliance, including any amendments and/or pending modifications, for the casks that plaintiff either is using or intend to use to store its SNF.

REQUEST NO. 17

All documents relating to the design base of any ISFSI units at plaintiff's nuclear reactor sites, including the number of casks to be used in the ISFSI and any analysis of the amounts and types of inventory to be stored in the ISFSI over time.

REQUEST NO. 18

All documents supporting or otherwise concerning any costs claimed as damages associated with SAFSTOR at plaintiff's reactor site.

REQUEST NO. 19

All documents supporting or otherwise concerning the costs claimed as damages associated with ISFSI construction at Fermi 2 Nuclear Power Plant and all other commercial nuclear power plants owned and operated by Detroit Edison.

REQUEST NO. 20

All documents supporting, refuting, or otherwise relating to plaintiff's damages.

REQUEST NO. 21

All documents, including all documents submitted to DOE, the Federal Energy Regulatory Commission, the Nuclear Regulatory Commission, state regulatory commissions, other utilities, and any other third parties, that relate to plaintiff's proposed, submitted, approved, or disapproved delivery commitment schedules.

REQUEST NO. 22

All documents relating to the exchange of delivery commitment schedules among utilities.

REQUEST NO. 23

All documents relating to DOE's obligation to accept GTCC waste and/or plaintiff's understanding of DOE's obligation to accept GTCC waste.

REQUEST NO. 24

All documents relating to DOE's responsibilities with respect to the timing, rate, and scheduling of acceptance of SNF and/or HLW from utilities under the Standard Contract and the Nuclear Waste Policy Act.

REQUEST NO. 25

All documents relating to, referring to, or associated with the promulgation and/or formation of the Standard Contract, including all documents prepared by or upon behalf of plaintiff concerning the promulgation and/or formation of the Standard Contract.

REQUEST NO. 26

All drafts of the Standard Contract.

REQUEST NO. 27

All comments regarding the Standard Contract or proposed changes to the Standard Contract to or from nuclear industry groups or other third parties.

REQUEST NO. 28

All Board of Director meeting minutes of plaintiff from 1982 to 2002.

REQUEST NO. 29

All documents related to the Annual Capacity Report Issue Resolution Process.

REQUEST NO. 30

All documents related to any arrangements plaintiff has with third parties for the use, storage, or disposal of SNF.

REQUEST NO. 31

All documents related to any assignment of the rights or interests in plaintiff's Standard Contract, of SNF and/or HLW, or of any claims arising out of the Standard Contract to third parties.

REQUEST NO. 32

All requests for proposals, proposals, contracts, requested or proposed change orders, executed change orders, work scope descriptions, payment requests, and correspondence for all costs claimed as damages.

REQUEST NO. 33

All payroll registers, certified payrolls, time cards, and other records, including computer or electronic files, and source documents for all of plaintiff's labor costs claimed as damages.

REQUEST NO. 34

All documents related to the cost of capital, to include the generation of capital, finance charges, and allowance for funds used during construction, for all costs claimed as damages.

REQUEST NO. 35

All invoices, accounting records, work orders, and other source documents for all non-Detroit Edison labor costs that plaintiff intends to claim as damages.

REQUEST NO. 36

All documents considered by each of plaintiff's expert witnesses in forming his or her opinions, including any and all electronic files, analyses, spreadsheets and models.

REQUEST NO. 37

All electronic files, documents, and analyses relating to any and all scenarios, actual or hypothetical, considered by each of plaintiff's expert witnesses.

REQUEST NO. 38

All communications between each of plaintiff's expert witnesses and counsel.

REQUEST NO. 39

All communications between each of plaintiff's expert witnesses and any Detroit Edison employees regarding, or relating to, the contents of the expert witness reports and/or work performed upon behalf of plaintiff.

REQUEST NO. 40

All of plaintiff's expert witnesses' work papers and notes, in electronic and hard copy, and all drafts of the experts' reports.

REQUEST NO. 41

All communications with plaintiff's expert witnesses involving the request for expert services.

REQUEST NO. 42

All electronic files relating to the costs or categories of costs claimed in plaintiff's expert reports that contain analysis or output from plaintiff's accounting systems, human resources systems, procurement systems, or their equivalents. Such electronic files shall be in a form, to the extent that it exists, that permits data manipulation (i.e., spreadsheet, database, or accounting system files, but not image files).

REQUEST NO. 43

All electronic files of spreadsheets relating to plaintiff's expert reports. Such electronic files shall be in a form, to the extent that it exists, that permits data manipulation (i.e., spreadsheet, database, or accounting system files, but not image files).

REQUEST NO. 44

A list of any current or former employees and contractor employees of plaintiff who were interviewed by, met with, or talked to plaintiff's experts.

REQUEST NO. 45

All contracts and invoices for plaintiff's expert witnesses' services.

REQUEST NO. 46

All spreadsheets attached to plaintiff's expert reports in manipulative electronic format, with formulae.

REQUEST NO. 47

All documents related to damages resulting from any alleged taking of plaintiff's vested property rights by DOE, including all documents demonstrating that plaintiff has been deprived of the full valuable economic use of Fermi 2 Nuclear Power Plant or any other commercial nuclear power plant owned and operated by Detroit Edison.

REQUEST NO. 48

All documents related to, and demonstrating, plaintiff's full valuable use of Fermi 2 Nuclear Power Plant or any other commercial nuclear power plant owned and operated by Detroit Edison.

REQUEST NO. 49

All documents reflecting property appraisals of the land upon which Fermi 2 Nuclear Power Plant and any other commercial nuclear power plant owned and operated by Detroit Edison are located.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

HAROLD D. LESTER, JR.
Assistant Director

PATRICK B. BRYAN
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8299
Fax: (202) 305-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

April 8, 2008

CERTIFICATE OF SERVICE

I certify under penalty of perjury that, on this the 8th day of April, 2008, I caused to be served by hand "DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DETROIT EDISON COMPANY," as follows:

Alex D. Tomaszczuk, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd
McLean, VA 22102

____________________________