IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DETROIT EDISON COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02-926C<br>(Judge Williams) |

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DEFER THE COURT'S CONSIDERATION OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY

Defendant, the United States, respectfully submits this reply to the "Opposition To Defendant's Motion To Defer The Court's Consideration Of Plaintiff's Motion For Summary Judgment On Liability," that the plaintiff, Detroit Edison Company ("Detroit Edison"), filed on May 5, 2008.

As we established in our initial brief, this Court "has broad discretion to stay proceedings before it in the interests of economy of time and effort for itself, for counsel, and for litigants." Coast Fed. Bank, FSB v. United States, 49 Fed. Cl. 11, 15 (2001) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)); see Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) ("When and how to stay proceedings is within the sound discretion of the trial court."). In evaluating whether a stay is appropriate, the Court should act to "maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between different courts" and to "avoid conflicting opinions and promote judicial efficiency." New York Power Authority v. United States, 42 Fed. Cl. 795, 799 (1999).

Detroit Edison does not challenge the fact that, absent a deferral, there is a significant risk that the Court may issue a ruling on liability that is inconsistent with the Federal Circuit's

forthcoming decision in Nebraska Public Power. Nevertheless, Detroit Edison asserts that the United States cannot demonstrate "the necessary hardship, or even any hardship," Pl. Br. 4 (emphasis in original), to justify the requested deferral. Detroit Edison's position is unfounded.

As we established, absent a deferral, there is substantial risk that the United States will suffer unnecessary hardship. First, without a deferral, there is a substantial risk that the United States (and Detroit Edison, for that matter) will incur unnecessary expenses litigating this case in a manner this is inconsistent with the Federal Circuit's ultimate decision in Nebraska Public Power. More fundamentally, respect for the sanctity of the appeals process and for the scarcity of judicial resources compels the conclusion that the Court should defer ruling upon Detroit Edison's motion for summary judgment until the Federal Circuit determines whether the United States may invoke the Unavoidable Delays clause of the Standard Contract as a complete defense to liability as a defense to liability arising from the Department of Energy's ("DOE") delay in spent nuclear fuel ("SNF") acceptance. As the Court is aware, the terms of all of the Standard Contracts were promulgated in the same manner through notice-and-comment rulemaking, and the interactions between DOE and the nuclear industry as a whole, including its representative industry organizations, led to the promulgation of the contract. As a result, any rulings by the Federal Circuit about the availability of a defense based upon the "Unavoidable Delays" clause of the Standard Contract (as well as the contours of such a defense) will assist in determining whether (and how) such a defense can be raised in this case. See Restatement (Second) of Contracts § 211 (1981) (standardized contracts are to be interpreted and applied in same manner for all contract parties, regardless of individual contract holder's understanding or

knowledge). Fundamental fairness demands consistency in the resolution of cases with the same operative facts.

Detroit Edison nonetheless attempts to downplay the significance of the pending Nebraska Public Power appeal, arguing that "there is simply nothing extraordinary about the circumstances of this case" that would justify the Government's request for a deferral on the pending summary judgment motion on liability. Pl. Br. 4. Detroit Edison's remarks in this regard are belied by its prior behavior in this lawsuit. Detroit Edison, in recognition of the significance of Nebraska Public Power to the outcome of this case, twice moved to stay all proceedings in this case in light of Nebraska Public Power and other pending appeals. See Joint Motion To Continue Stay, dated February 1, 2007, at 4; see also Joint Status Report, dated June 29, 2007, at 2 (requesting continuance of stay in light of Nebraska Public Power and other pending appeals likely "likely to "inform the Court in adjudicating the instant case").[1] Similarly,

---

[1] Detroit Edison erroneously asserts that "it is far from clear that the [Nebraska Public Power] decision will affect the liability ruling that Detroit Edison believes should issue here" based upon the Federal Circuit's decisions in Maine Yankee Atomic Power Co. v United States, 225 F.3d 1336 (Fed. Cir. 2000), and Northern States Power Co. v. United States, 224 F.3d 1361 (Fed. Cir. 2000) ("Northern States II"). Pl. Br. 2. Detroit Edison's reliance upon these cases is misplaced. In Maine Yankee, the Federal Circuit examined whether the Government could rely upon Article IX.B of the Standard Contract, the avoidable delays clause, to avoid liability for failing to begin acceptance of SNF in 1998. The Federal Circuit concluded that the avoidable delays clause only applied to delays that occurred after performance began, and thus could not excuse DOE from liability for delay in the commencement of SNF acceptance. Id. The same day, the Federal Circuit issued its decision in Northern States II, 224 F.3d 1361 (Fed. Cir. 2000), in which we had advanced precisely the same avoidable delay position as in Maine Yankee. In rejecting the Government's argument, the Federal Circuit expressly referred to its holding in Maine Yankee concerning the avoidable delays clause, but inadvertently used the words "unavoidable delays clause" rather than the avoidable delays clause when referencing the issue that Maine Yankee had decided. Id. at 1367 (emphasis added). Consequently, neither the decision in Maine Yankee nor in Northern States II addresses the argument that, pursuant to Article IX.A of the Standard Contract, the Government is excused from liability for delays in meeting its contractual obligations because of events beyond the control of DOE. In any event, these precise arguments are before the Federal Circuit in the Nebraska Public Power appeal and should be resolved there.

Detroit Edison's claim that "the hardship that Plaintiff would face from a deferred ruling on liability . . . significantly outweighs" the Government's degree of hardship is overblown. Pl. Br. 4. As Detroit Edison acknowledges, the damages claims of numerous SNF plaintiffs have proceeded in this Court, notwithstanding the pendency of the Nebraska Public Power appeal. Pl. Br. 4. To that end, as we indicated in our initial brief, we are prepared to proceed with discovery concerning Detroit Edison's damages claim. Detroit Edison's efforts to proceed with this litigation thus would not be slowed because of a deferral.

In fact, the parties already have begun conducting discovery relating to damages. On April 8, 2008, counsel for the Government served its first request for the production of document upon plaintiff's counsel in which we sought information relating to Detroit Edison's alleged damages in connection with the onsite storage of SNF pending performance by DOE under the Standard Contract, including documents relating to any construction project documents, overhead costs, and internal labor documents. On May 8, 2008, Detroit Edison submitted to the Government its initial document production. Upon receiving Detroit Edison's Rule 26 initial disclosures on June 2, 2008, we will prepare to conduct fact depositions and otherwise begin to audit Detroit Edison's damages claim. Hence, by waiting to receive guidance from the Federal Circuit in Nebraska Public Power before resolving the pending summary judgment motion on liability, the Court would not prejudice Detroit Edison's ability to proceed with this litigation.[2]

---

[2] Detroit Edison's concern that one of the parties may appeal the Federal Circuit's forthcoming decision in Nebraska Public Power to the Supreme Court – which could extend the duration of the requested deferral – should not be credited. As noted above, by requesting that this Court stay all proceedings in this case not once, but twice, Detroit Edison cannot now blame the Government for attempting unnecessarily to delay this litigation, particularly in light of the fact that discovery regarding Detroit Edison's damages claim is continuing and would not be affected by the requested deferral.

CONCLUSION

For the foregoing reasons, as well as those presented in our April 19, 2008 motion, the United States respectfully request that the Court defer its consideration of Detroit Edison's summary judgment motion on liability pending the outcome of the Nebraska Public Power appeal.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Patrick B. Bryan
PATRICK B. BRYAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8299
Fax: (202) 305-2503

May 19, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I certify that on this the 19th day of May, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DEFER THE COURT'S CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Patrick B. Bryan