# In the United States Court of Federal Claims

**No. 02-926C**
**(Filed: May 30, 2008)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THE DETROIT EDISON COMPANY,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

---

## ORDER GRANTING DEFENDANT'S MOTION TO DEFER CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

On April 18, 2008, Defendant filed a motion to defer the Court's consideration of Plaintiff's motion for summary judgment on liability, pending the issuance of the Federal Circuit's opinion in Nebraska Public Power District v. United States, No. 2007-5083 (Fed. Cir). At issue in that appeal is whether Defendant may invoke the "Unavoidable Delays" clause in the Standard Contract as a defense to contractual liability arising from a delay in the Department of Energy's (DOE) acceptance of spent nuclear fuel. DOE was, in a writ of mandamus issued by the United States Court of Appeals for the District of Columbia Circuit, precluded from excusing its contractual delay in accepting SNF on the ground that it had not yet prepared a storage facility for SNF. Northern States Power Co. v. United States Dep't of Energy, 128 F.3d 754, 761 (D.C. Cir. 1997), cert. denied, 525 U.S. 1015-16 (1998). The Court of Federal Claims (COFC) subsequently held, in an interlocutory decision, that the writ of mandamus was void ab initio because the D.C. Circuit lacked jurisdiction to issue the writ, and the Government had not waived its sovereign immunity relating to the subject matter of the writ. Nebraska Public Power District v. United States, 73 Fed. Cl. 650, 674 (2006). The Federal Circuit granted the plaintiff's petition to appeal this interlocutory decision. All briefing has been completed in that appeal, and oral argument was held on December 3, 2007.

Defendant argues that the Court has the discretion to manage its docket, Metadure Corp. v. United States, 6 Cl. Ct. 61, 67 (1984), and that such discretion includes the ability to defer rendering decisions on motions. Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008) (district courts "are afforded broad discretion to control and manage their dockets, including the authority

to decide the order in which they hear and decide issues pending before them"). Defendant does not seek a stay of all proceedings in this case. Rather, it argues that the Court should defer consideration of the liability issue because (a) Defendant will receive definitive guidance on whether it may pursue a defense based on the "Avoidable Delays" clause of the Standard Contract, (b) denial of the order could result in substantial hardship for Defendant in the form of wasted expenses litigating its case if the COFC's decision is affirmed, and (c) the duration of time in which a decision in this case would be deferred is reasonable considering the stage of the appeal in Nebraska Power.

Plaintiff opposes the motion. Plaintiff argues that the deferral period may not be of short duration because a party could file a petition for panel rehearing, a rehearing en banc, or a writ of certiorari to the United State Supreme Court. Plaintiff also argues that the Federal Circuit decision might have no impact on the pending liability motions. Plaintiff further argues that the parties are preparing for a trial on damages scheduled for December 2009, which implicitly requires a finding of liability, and that it is possible that a deferral might last until calendar year 2010.

On balance, the Court finds that it is premature at this time to rule on liability pending a decision that, potentially, could allow Defendant to assert a defense that it has not asserted in this proceeding. As such, the Court is of the view that the most prudent course is to await the Federal Circuit's decision and then determine how best to proceed on the liability issue.

The Court **GRANTS** Defendant's motion to defer consideration of Plaintiff's motion for summary judgment pending issuance of the Federal Circuit's decision in Nebraska Power. The parties are **ORDERED** to file a joint status report, no later than 15 days after the issuance of the panel decision in the Nebraska Power appeal, proposing further proceedings.

**s/Mary Ellen Coster Williams**
**MARY ELLEN COSTER WILLIAMS**
**Judge**