**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on July 22, 2008)

| | |
|---|---|
| **THE DETROIT EDISON COMPANY**, Plaintiff, | |
| v. | |
| **THE UNITED STATES**, Defendant. | No. 02-926C (Judge Williams) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiff, The Detroit Edison Company ("Detroit Edison"), respectfully requests leave from the Court to file an amended and supplemental complaint (attached hereto at Exhibit A) pursuant to RCFC 15(a) and RCFC 15(d). An amended and supplemental complaint is necessary for Detroit Edison to update its pleadings and specify the damages that have directly resulted from Defendant's (the "Government") continuing breach of the Standard Contract since Detroit Edison filed its Complaint on August 2, 2002. For reasons explained below, Detroit Edison's First Amended Complaint and Supplemental Complaint relates to the same causes of action originally pleaded in this case. Counsel for the Government, Patrick B. Bryan, has represented that the Government does not oppose the instant motion. Hence, in the interests of justice and to facilitate the "speedy and inexpensive determination" of this action,[1] this motion for leave should be granted.

[1] See RCFC 1.

## BACKGROUND

Detroit Edison filed its original complaint in this action on August 2, 2002, alleging a partial breach of contract, a breach of the implied covenant of good faith and fair dealing, and a taking without just compensation. Complaint ¶¶ 22-34. The Government filed its Answer on October 31, 2002. In subsequent years, as the Court is aware, the parties completed initial and supplemental briefing in this case on several partially dispositive issues, including whether the the Government is liable for breach of the Standard Contract at issue in this case. A ruling on liability has been deferred pending the U.S. Court of Appeals for the Federal Circuit's (the "Federal Circuit") decision in Nebraska Public Power District v. United States, No. 2007-5083 (Fed. Cir.). May 30, 2008 Order at 1. This deferred ruling notwithstanding, the parties are currently engaged in discovery and proceeding diligently towards a damages trial currently scheduled for December 2009. During the past two months, for example, Detroit Edison served its responses to the Government's first set of requests for production of documents and produced a disk containing several thousand pages of documents to the Government. Most recently, on June 2, 2008, the parties exchanged their initial RCFC 26 disclosures. Detroit Edison is currently in the process of collecting additional documents and other support for its expert reports, which are due on October 1, 2008.

## DISCUSSION

Detroit Edison seeks to file an amended and supplemental complaint for two reasons. First, Detroit Edison would like to update and specify further the nature of the damages pled in its initial complaint, which was filed in August 2002. Second, out of an abundance of caution, Detroit Edison intends to pre-empt and avoid any statute of limitations argument that the Government might raise based on its interpretation of the Federal Circuit's September 2005

decision regarding "future damages" (i.e., those incurred after the filing of a plaintiff's initial complaint, but before the date of a damages trial) in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005) ("Indiana Michigan"). In Indiana Michigan, the Federal Circuit held that, in a suit for partial breach of contract, a plaintiff may recover pre-breach damages but that plaintiff's damages "were limited to those costs incurred *prior to the date of its suit*." Id. at 1376-77 (emphasis added). Costs that have yet to be incurred must be sought in separate actions "as they are incurred." Id. The Federal Circuit also ruled, however, that "[i]f the breach is partial only, the injured party may recover damages for nonperformance only to the *time of trial* and may not recover damages for anticipated future nonperformance." Id. at 1376 (emphasis added). Despite this apparently conflicting language about the temporal scope of damages that are recoverable in a partial breach suit, the Federal Circuit chose not to clarify the issue.[2]

Since the mandate issued in Indiana Michigan, counsel for the parties have disagreed in other SNF cases about the effect of Indiana Michigan on claims for post-complaint damages. Nonetheless, the Government has agreed in principle that Detroit Edison may seek at its damages trial the recovery of costs that Detroit Edison has incurred as a result of the Government's breach and takings through a cut-off date to be determined prior to trial, provided that Detroit Edison files an amended and/or supplemental complaint. Hence, Detroit Edison seeks leave now to amend and supplement its complaint by pleading its damages incurred at least through the date of this filing. As alleged in the attached Amended and Supplemental Complaint, Detroit Edison has incurred significant costs since August 2002 as a result of the Government's continuing

[2] The plaintiff in Indiana Michigan filed a petition for panel rehearing seeking clarification on the recoverability of post-complaint/pre-trial damages. On November 28, 2005, the Federal Circuit denied this petition without further comment, and its mandate issued on December 2, 2005.

partial breach of the Standard Contract. Exhibit A at ¶¶ 36-38. Furthermore, as detailed below, Detroit Edison's First Amended Complaint and Supplemental Complaint is related to the previous complaint it filed in this case. Hence, Detroit Edison should be permitted to amend and supplement its pleadings under RCFC 15(a) and RCFC 15(d), and this motion for leave should be granted.

The Federal Circuit's decision in Indiana Michigan does not foreclose the use of this Court's rules governing amended and supplemental pleadings that allow a plaintiff to update its damages claims prior to trial. Indeed, RCFC 15(d) permits a party to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" in a supplemental pleading. The purpose of this rule is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims that arise after the initial pleadings are filed. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1057 (9th Cir. 1982).

The Federal Circuit under Rule 15(d) has permitted plaintiffs to file supplemental complaints to plead facts that relate back[3] to the original complaint. Intrepid v. Pollock, 907 F.2d 1125 (Fed. Cir. 1990). In particular, if the supplemental complaint "relates to the same cause of action originally pleaded, it would be an abuse of discretion to deny the amendment." Id. at 1129 (citing Griffin v. School Board, 377 U.S. 218, 227 (1964)).

[3] The "relation back" doctrine is based on the notion that once litigation involving a particular conduct or transaction has been instituted, defendants are not entitled to the protection of the statute of limitations against any later assertions by amendment of claims that arose out of the same conduct or transaction set forth in the original complaint. Snoqualmie Tribe of Indians v. United States, 178 Ct. Cl. 570 (1967). Although this Court's rules only explicitly provide for the relation back of amended pleadings, see RCFC 15(c), courts have uniformly recognized that the principle applies similarly to supplemental pleadings despite the lack of an analogous mechanism in the federal rules. See, e.g., United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002).

RCFC 15(a) also provides, in pertinent part, that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has noted that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive of the movant, repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962); accord Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403-04 (Fed. Cir. 1989).

Detroit Edison's First Amended Complaint and Supplemental Complaint, by its terms, relates to the same causes of action originally pled because it re-alleges and re-states Counts I, II, and III from the original Complaint filed on August 2, 2002. Exhibit A at ¶¶ 1-34. The First Amended Complaint and Supplemental Complaint also states that the Government's breach of the Standard Contract is ongoing and that Detroit Edison continues to incur significant costs as a direct result of this continuing breach. Id. ¶ 36. Furthermore, the First Amended Complaint and Supplemental Complaint specifies in greater detail the types of damages initially pleaded for "extended on-site storage of its spent nuclear fuel" or "alternative off-site storage capacity to permit continued operation of its nuclear plants." Id. ¶ 21.

Finally, because Detroit Edison has incurred substantial damages since 2002, it would be prejudicial to require Detroit Edison to expend resources unnecessarily by filing entirely new actions in this Court (and possibly moving to consolidate the new actions with this case). A more simple, efficient, and appropriate mechanism exists in RCFC 15 for plaintiffs to plead new damages. The Government will not be prejudiced if Detroit Edison is permitted to plead damages that have been incurred since the filing of its complaint and to recover those costs that are proven with reasonable certainty at trial. In this case, the Government has always been on

notice that Detroit Edison's damages would accumulate after the filing of its complaint, especially if the Government's breach of the Standard Contract continued for an extended period. See Complaint ¶ 25 ("The rate at which [Detroit Edison's] damages will continue to accrue is dependent upon various factors including but not limited to when [the Department of Energy] commences performance of its contractual obligations . . ."). Just as importantly, as noted above, Detroit Edison provided the Government with RCFC 26 disclosures on June 2, 2008 specifying, inter alia, the scope and magnitude of its damages through December 31, 2007 in this case. Thus, the attached amended and supplemental pleading is consistent with both the allegations of Detroit Edison's original complaint *and* RCFC 26 disclosures, and its filing will not prejudice any party.



400847766v2

## CONCLUSION

For the foregoing reasons, Detroit Edison respectfully requests leave from the Court to file the attached First Amended Complaint and Supplemental Complaint.

Dated: July 22, 2008

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
The Detroit Edison Company

Of Counsel:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

Thomas A. Hughes
Vice President and General Counsel

Bruce R. Maters
Assistant General Counsel

David G. Pettinari
Senior Attorney

**THE DETROIT EDISON COMPANY**
2000 Second Avenue
Detroit, MI 48226
(313) 235-8000