**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
(Electronically Filed on September 2, 2008)

| | |
|---|---|
| **THE DETROIT EDISON COMPANY**, Plaintiff, | |
| v. | |
| **THE UNITED STATES**, Defendant. | No. 02-926C (Judge Williams) |

**JOINT MOTION FOR ENTRY OF STIPULATED ORDERS REGARDING DISCOVERY OF DRAFT EXPERT REPORTS AND PLAINTIFF'S REVIEW OF THE DEPARTMENT OF ENERGY'S "RECORD INFORMATION SYSTEM" DATABASE**

Plaintiff, The Detroit Edison Company ("Detroit Edison"), and Defendant, the United States, respectfully request that the Court enter the following two orders, based upon the joint stipulation of the parties: (1) that no party shall be required to produce any draft (including copies) of any expert report prepared in connection with this case or in any spent nuclear fuel ("SNF") case that is or was pending before this Court; and (2) that Detroit Edison shall have access to the "Record Information System" database maintained by the Department of Energy's Office of Civilian Radioactive Waste Management, subject to the Government's ability to conduct a privilege review of any documents that Detroit Edison selects from the database for production in discovery. Two proposed orders, containing language upon which both parties agree, are attached to this motion.

With regard to the first proposed order concerning draft expert reports, the parties agree that, for the benefit of both parties, they would like the Court to enter an order that eliminates the need for either party to produce drafts of their respective experts' final written reports. Counsel for both parties have entered into several similar stipulated agreements in other SNF cases before

this Court, and we believe that such an arrangement in this case would assist the parties in efficiently completing the discovery process.

The proposed order relating to the "Record Information System" provides Detroit Edison's counsel with access to millions of pages of Department of Energy SNF program documents, but enables the Government to conduct a privilege review for any documents that Detroit Edison ultimately selects for production from the database. The proposed order that we have attached to this motion is virtually the same as the order entered by Judge Sypolt on February 1, 2002, in the coordinated discovery proceedings and in other subsequent SNF cases before this Court. See, e.g., Order, dated May 21, 2003, Consumers Energy Co. v. United States, No. 02-1894C (Damich, C.J.); Order, dated February 15, 2006, Vermont Yankee Nuclear Power Corp. v. United States, No. 02-898C (Wheeler, J.).

Accordingly, for the foregoing reasons, and to assist the parties in efficiently completing the discovery process in this case, the parties jointly request that the Court enter the attached proposed orders in this matter.

Dated: September 2, 2008

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu
Alex D. Tomaszczuk
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, Virginia 22102-4859
(703) 770-7940
(703) 770-7901 (fax)
Counsel of Record for Plaintiff
The Detroit Edison Company

Of Counsel:
Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP**
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037-1128
(202) 663-8000
(202) 663-8007 (fax)

Thomas A. Hughes
Vice President and General Counsel

Bruce R. Maters
Assistant General Counsel

David G. Pettinari
Senior Attorney

**THE DETROIT EDISON COMPANY**
2000 Second Avenue
Detroit, MI 48226
(313) 235-8000

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Patrick B. Bryan
PATRICK B. BRYAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tele: (202) 616-8299
Fax: (202) 305-7643
Attorneys for Defendant

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 02-926C

(Filed on September __, 2008)

**THE DETROIT EDISON COMPANY,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

## ORDER

No party shall be required to produce any draft (including copies) of any expert report prepared in connection with this case or any spent nuclear fuel case that is or was pending before this Court.

Mary Ellen Coster Williams
Judge

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 02-926C

(Filed on September __, 2008)

| | |
|---|---|
| **THE DETROIT EDISON COMPANY**, | ) |
| Plaintiff, | ) |
| v. | ) |
| **THE UNITED STATES**, | ) |
| Defendant. | ) |

**STIPULATED ORDER GOVERNING REVIEW OF THE DEPARTMENT OF ENERGY'S ELECTRONIC "RECORD INFORMATION SYSTEM" DATABASE**

Upon stipulation of the parties,

IT IS ORDERED that discovery in this action relating to the Department of Energy's electronic "Record Information System" database be governed by the following:

1. This order extends to any type of privilege or protection claimed, although no party at this time necessarily agrees to any other party's interpretation or scope of any privilege or other protection that may be asserted.

2. Each party reserves the right to challenge the assertion, interpretation, or scope of any privilege or other protection claimed by the other party.

3. The parties have agreed that plaintiff in this litigation will be allowed to search electronically for documents relevant to the issues in this case that are currently maintained in an electronic database maintained by the Department of Energy called the Records Information

System ("RIS"). By allowing plaintiff in this litigation access to the RIS, defendant will not be considered to have waived any privilege or protection applicable to any document or information contained in or upon that database. After plaintiff in this litigation reviews documents contained in or upon the RIS and identifies those documents contained therein that it wishes defendant to produce in this litigation, defendant will be entitled to review those documents and withhold from physical any documents that it deems privileged or subject to protection. Any such documents withheld will be identified on a privilege log. This agreement will not affect the plaintiff's right to challenge defendant's assertion of privilege or protection by allowing access to the RIS.

4. Nothing in this order shall prohibit a party from withholding from review and/or production any document covered by any privilege(s) or protection.

IT IS SO ORDERED.

Mary Ellen Coster Williams
Judge